Anthony D. Duke v. Commissioner.
Duke v. Commissioner
Docket No. 26030.
United States Tax Court
1951 Tax Ct. Memo LEXIS 16; 10 T.C.M. (CCH) 1175; T.C.M. (RIA) 51375; December 17, 1951
*16 Held, that where the only evidence fixing the value of a gift of certain jewelry is the cost thereof paid by the donor to a retail jeweler, such value must include the amount of Federal retailer's excise tax paid. Estate of Frank Miller Gould, 14 T.C. 414. John G. Jackson, Jr., Esq., 15 Broad St., New York 5, N.Y., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency in petitioner's gift tax liability for the calendar year 1947 in the amount of $3,915. The sole question presented for decision is whether the value of the gift of jewelry was $87,000, as reported, or $104,400 as adjusted by the respondent in determining the deficiency. Findings of Fact The facts are stipulated and they are so found. On March 11, 1948, petitioner filed a gift tax return for the calendar year 1947 with the collector of internal revenue for the second district of New York. During the year 1947 petitioner, in arm's length transactions, made two purchases from a retail jeweler of certain jewelry, which he presented to his wife in that year as gifts. The first *17 purchase of jewelry was made on or about September 4, 1947. The retail price was $71,875 and the amount of the Federal retailer's excise tax paid was $14,375, or a total of $86,250. In the same month the petitioner gave this jewelry to his wife. The second purchase of jewelry was made in December 1947. The retail price paid for the jewelry was $15,125 and the Federal retailer's excise tax paid amounted to $3,025, or a total of $18,150. Petitioner gave this jewelry to his wife in December 1947. On his 1947 gift tax return, petitioner valued the gifts at the retail price he paid and did not include the Federal retailer's excise tax paid on his purchases. In determining the deficiency in gift tax for the year 1947 respondent increased the value of the gifts by the amount of the Federal retailer's excise tax paid. Opinion HILL, Judge: The facts of the case limit the question of the value of the property to the donor's cost, and the sole issue presented for decision is whether respondent erred in increasing the value of the gifts by the amount of the Federal retailer's excise tax paid by the petitioner when he made the purchases. The facts of this case are substantially the same *18 as those presented in the Estate of Frank Miller Gould, 14 T.C. 414, which was reviewed by this Court. Following the opinion expressed in that case, we hold that where the donor's cost is the determinative value of a gift for Federal gift tax purposes it includes the amount of the Federal retailer's excise tax paid thereon. Decision will be entered for the respondent.